Carl L. and Lillian M. **STOKES**, Plaintiffs,

v.

**UNITED STATES** of America, **Defendant.**

**No. 3676.**

United States District Court
D. Idaho, S. D.
Sept. 18, 1962.

Myron Anderson, Boise, Idaho, for plaintiffs.

Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, John B. Jones, Jr., Acting Asst. Atty. Gen., Edward S. Smith, Jerome Fink, Richard W. Perkins, Attys., Dept. of Justice, Washington, D. C., for defendant.

CHASE A. CLARK, Chief Judge.

This is an action for refund of Federal income taxes for the years 1955, 1956, 1957 and 1958. The claims for refund are based on retirement income credits on the basis of alleged domicile in community property states during a period of more than ten years during income earning period.

The plaintiff, Carl L. Stokes, is a retired Navy man, having served therein from his enlistment in 1923 until 1954. At the time of his enlistment he lived with his parents at Fayette, Alabama, and thereafter was married at Portsmouth, Virginia. During his years of service he had many duty stations and it appears from the record that his family made their home in a place most convenient to Commander Stokes' assigned station.

Recovery in this matter is dependent upon the parties having been "domiciled" in community property states during the periods alleged while Commander Stokes was in the Navy.

In order to establish one's domicile there must be physical presence at a particular place coupled with the absence of any intention to establish domicile elsewhere. Further, merely abiding in a place for a definite time for a transient purpose, unaccompanied by any intention to remain permanently or indefinitely, is not sufficient.

While plaintiffs contend that they met these requirements while residing in California and Washington during Commander Stokes' tour of duty in those states the evidence shows that the parties had not determined where they wanted to make their permanent home after Commander Stokes retired. They licensed their car in whatever state they were living in at the time. Federal income tax returns were filed at the head office in Baltimore, Maryland. They did not vote any place prior to establishing their home in Idaho.

For these reasons it appears to the Court from reviewing the records and files, and the transcript of the evidence in this matter, that the evidence is that the parties did not establish their domicile in either Washington or California and therefore Mrs. Stokes did not meet the requirement of having received earned income in excess of $600 in each of ten calendar years before the taxable year in question.

Attorneys for the United States may prepare Findings of Fact, Conclusions of Law and Judgment in accordance with the Court's opinion herein.